**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation,

Plaintiff,

vs.

THE SPIRIT HILLS HOMEOWNERS' ASSOCIATION, TERRY NEAL, KELLI NEAL, JAYSON THOMPSON, HEIDI THOMPSON, NORTHLAND CASUALTY COMPANY, and DOES 1-50,

Defendants.

**CV-22-0017-BU-BMM**

**ORDER**

## INTRODUCTION

Defendants Terry Neal and Kelli Neal ("Neals") filed a Motion to Dismiss Plaintiff Scottdale Insurance Company's ("Scottsdale") claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 16). Neals contend that the Court lacks subject matter jurisdiction to review Scottsdale's claims and that Scottsdale fails to state a claim upon which relief may be granted. The Court held a hearing on the matter on July 12, 2022. (Doc. 28.) The Court will grant Neals' motion to dismiss for the reasons discussed below.

## BACKGROUND

Neals own real property located at Lot 78 of the Spirit Hills Subdivision in Bozeman, Montana. (Doc. 1 at ¶¶ 14-15.) Neals filed a lawsuit in Montana's Eighteenth Judicial District Court, Gallatin County, Case No. DV-20-1054A (the "Underlying Action"), against Jayson Thompson and Heidi Thompson (collectively, "Thompsons"), Spirit Hills HOA, and the Spirit Hills Homeowners' Association Board of Directors ("Spirit Hills HOA BOD") on or about September 22, 2020. (*Id.* at ¶ 16.) Neals allege that breaches of covenants and other causes of action with respect to construction of Thompson's home, which is bordered by, adjacent to, and uphill from the Neals' property. (*Id*. at ¶ 16.) Neals allege that Thompsons submitted designs for their home to the Spirit Hills HOA Architectural Committee (the "Committee") in August 2018. The Committee required the Thompsons to obtain consent from the Neals. (*Id*. at ¶ 16.) Thompsons and the Neals agreed to certain setback and garage window designs for Thompsons's home in August 2018. (*Id*. at 16.) The designs were submitted to the Committee and approved. (*Id*. at ¶ 16.)

Neals complain of various issues with the construction of the Thompsons' home, the Thompsons' deviations from the approved plans, and the effect Thompsons' home had on the Neals' property. (*Id*. at ¶¶ 18-19.) Neals assert that the failure of the Spirit Hills HOA and the Spirit Hills HOA BOD to enforce the

HOA Covenants to comply with the approved plans and prevent construction of the Thompsons' home in a manner inconsistent with the Covenants resulted in harm to the character, quality, and value of Neals' property. (*Id*. at ¶ 20.) Neals claim breach of Spirit Hills HOA's Covenants, breach of the implied covenant of good faith and fair dealing, and negligence. (*Id*. at ¶ 20.) Thompsons subsequently brought counterclaims against Neals and crossclaims against Spirit Hills HOA. (*Id*. at ¶ 22.) Spirit Hills HOA then tendered the Underlying Actions to Northland Casualty Company ("Northland") seeking defense and indemnification as its primary insurer. (*Id*. at ¶ 23.) Spirit Hills HOA also tendered the Underlying Action to Scottsdale. Scottsdale serves as Spirit Hills HOA's excess insurer. (*Id*. at ¶¶ 24-25.)

Northland denied the tenders by Spirit Hills HOA. Northland asserted that the Underlying Action did not seek damages according to the provisions of the policy between Spirit Hills HOA and Northland. (*Id*. at ¶ 24.) Scottsdale advised Spirit Hills HOA that it would provide a defense to the Underlying Action despite Scottsdale conclusion that it owed no duty to defend or indemnify Spirit Hills HOA with respect to the Underlying Action pursuant to their policy. (*Id*. at ¶ 26.) Scottsdale filed their Complaint for Declaratory Judgement and Reimbursement of defense fees and costs from Northland on March 4, 2022. Scottsdale asserts that Northland breached its duty to defend Spirit Hills HOA in the Underlying Actions. (*Id*. at ¶ 33.) Scottsdale now seeks a declaratory judgement against Defendant Spirit

Hills Homeowners' Association ("Spirit Hills HOA") that it owes no defense and/or duty to indemnify Spirit Hills HOA in connection with any and all of the alleged claims, causes of action, or damages alleged in the underlying actions between Neals and Thompsons. (*Id*. at ¶ 1.)

Neals filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim on May 5, 2022. (Doc. 16.) Neals contend that Scottsdale erroneously seeks to bind Neals by the findings, rulings and orders of this Court related to the Spirit Hills HOA's policy with Scottsdale. (*Id*. at 4.) Neals assert that Scottsdale's claims against Neals are premature, not ripe, and should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. (*Id*. at 4-5.)

## LEGAL STANDARDS

Neals move to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). In reviewing a facial attack, like the Neals' Motion, the Court must take as true the allegations in Scottsdale's Complaint. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* A Rule 12(b)(6) motion should be granted if the "plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

**ANALYSIS**

Neals contend that the Court should grant their Rule 12(b)(6) motion to dismiss, as well as their Rule 12(b)(1) motion to dismiss, on the grounds that Scottdale's claim is not ripe for adjudication and that by being joined to the present lawsuit, any future claims the Neals may have against Scottsdale would be unfairly precluded. (Doc. 16 at 1-2.)

Neals argue that they are not parties to the insurance policies between Scottsdale, Northland, and Spirit Hills HOA, and that they are not in privity with Scottsdale or Northland. (Doc. 16 at 4-5.) For these reasons, Neals maintain that the Complaint should be dismissed for failure to state a claim upon which relief can be granted. (Doc. 16 at 1-2.) Neals cite to *Cincinnati Insurance Co. v. Northwest. Painting Inc.*, in support of their assertion that deciding the interest of a third-party to an insurance contract regarding "favorable coverage determination" involves

"nothing more than speculation about a future event." No. CV 20-176-M-DLC, 2021 WL 3142163 at *6 (D. Mont. July 26, 2021).

The plaintiff in *Cincinnati Insurance Co.* sought a declaration that it had no duty to indemnify or defend the defendant as to an underlying lawsuit involving a third-party. *Id*. at *2. The third-party and others had sued the defendant for property damage involving defective siding installation. *Id*. at *1. The defendant argued that the third-party must be joined as an indispensable party to the declaratory action. *Id*. at *5.

The Ninth Circuit previously had reasoned that, in deciding whether a party is indispensable, "we must determine: (1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in equity and good conscience the suit should be dismissed." *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002). The Ninth Circuit in *Cincinnati Insurance Co.* concluded that the third-party was not indispensable and declined to join her to the action. 2021 WL 3142163 at *5. The Ninth Circuit expressed skepticism that the third-party had a legally protected interest in the action. *Id*. at *6. The Ninth Circuit reasoned that although the third party could "possibly prevail" against the defendants, the mere possibility of prevailing proved insufficient to constitute a legally protected interest under Rule 19(a). *Id*.

This case differs from *Cincinnati Insurance Co.* There a defendant sought to join a third-party allegedly to avoid a risk of multiple or inconsistent legal obligations. *Id.* at *5. Neals seek to dismiss Scottdale's Complaint because Neals are not Scottsdale's insureds and have no contractual relationship with Scottsdale. Neals assert that their legal interests against Scottsdale are "hypothetical and contingent and do not present a controversy that Scottsdale can ask the Court to resolve at this time." *Id*. at *6.

Neals argue that the Ninth Circuit's reasoning in *Cincinnati Insurance Co.* applies to this case: (1) complete relief can be afforded if the action is limited to the parties of Scottsdale, Northwind and Sprit Hills HOA, as they are the parties that stand in privity with one another; and (2) Neals may have third-party claims against Scottsdale and Northland based on their handling of the claims against their insured Spirit Hills HOA. Neals contend that they are not indispensable to the resolution of Scottsdale's declaratory action against Spirit Hills HOA and Northwind and should not be bound by that resolution.

The Court agrees with Neals' application of the reasoning in *Cincinnati Insurance Co.* Scottsdale's attempt to bar any future claims that Neals *may* have proves premature. Similar to *Cincinnati Insurance Co.*, any such claims will not arise or be ripe for resolution by Scottsdale or by Neals unless and until the underlying claims between the Neals and the Spirit Hills HOA have been resolved.

(Doc. 24 at 2-3.) Unlike *Cincinnati Insurance Co.*, where the Court ultimately held that the interests of third-party and Northwest were sufficiently aligned to justify the conclusion that collateral estoppel or res judicata likely would bar re-litigation of the coverage dispute in a subsequent action *if* the third-party were presently joined, Scottsdale's and Neals' interests are not similarly aligned.

Neither claim (res judicata) or issue (collateral estoppel) preclusion will apply "to a party that was not a party in the prior proceeding" unless they stand in privity with a party to that prior proceeding. *Denturist Ass'n of Mont. v. State Dept. of Labor and Indus.*, 372 P.3d 466, 469 (Mont. 2016). Neals are not Scottdale's insureds and have no contractual relationship with Scottsdale. (Doc. 24 at 2.) Neals do not stand in privity with Scottsdale. Their removal from the present action will not bar any potential future claims by Scottsdale against them.

Scottsdale also cites to *Cincinnati Insurance Co.* to support its assertion that if an insurer intends to recoup the costs incurred in defending its insured, it should timely and explicitly reserve "its right to recoup defense costs." (Doc. 22 at 3 (quoting *Cincinnati Insurance Co.,* 2021 WL 3142163 at *3).) Scottsdale contends that the insurer should expeditiously file a separate declaratory judgment action so that the dispute regarding the contractual duty to defend can be resolved. (*Id.* at 3.) If there were no pending Underlying Action, Scottsdale would be persuasive in making this argument because filing a separate declaratory action likely would

"facilitate judicial economy" by preventing adjudication of third-party claims until after they pass the first hurdle. The first hurdle, of course, will be the question of any liability for which the insurer may be responsible. *Safeco Ins. Co. of Ill v. Mont. Eighth Jud. Dist. Ct.*, 2000 MT 153, ¶ 28, 300 Mont. 123, 2 P.3d 834. The Underlying Action has yet to be resolved. As a result, the timeliness of filing a separate declaratory action regarding Scottsdale's duty to defend should not factor into the Court's decision as to Neals' desire to not be bound by said declaratory action.

Neals point to the language of Montana Code Annotated § 33-18-242(6)(b) to support their motion. (Doc. 24 at 2.) Montana law prevents third-party claims against insurers before resolution of the underlying claim. Mont. Code Ann. § 33-18-242(6)(b) (2021). Neals contend that that same purpose applies with equal force whether a claim is prematurely initiated by a third-party *or* an insurer; any action to determine an insurer's liability to a third-party claimant is premature unless and until the underlying claim has been resolved by judgement or settlement. (Doc 16 at 6.)

Scottsdale attempts to circumvent this language by claiming a need to "expeditiously file a separate declaratory judgment." (Doc. 22 at 3.) Scottdale's reasoning fails to persuade as it cites to cases where resolution of the Underlying Action is not an issue in the proceedings. The Court agrees with Neals' application of Montana Code Annotated § 33-18-242(6)(b) to Scottdale's position as an insurer

bringing a claim against a third-party. Scottsdale should not be permitted to file for declaratory judgement against a third-party until the Underlying Action has been resolved.

The Underlying Action has not been resolved. Neals' 12(b)(1) motion to dismiss should be granted. Moreover, Neals lack any contractual relationship with Scottsdale or Northland. To keep Neals attached to Scottsdale's declaratory action proves unnecessary and would be an inefficient use of judicial resources.

**ORDER**

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss Without Prejudice (Doc. 16) is **GRANTED.**

Dated this 29th day of July, 2022.

Brian Morris, Chief District Judge
United States District Court